# EXHIBIT 3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| Palladian Partners, L.P. et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| . | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Namecheap, Inc., c/o Harvard Business Services. Inc., 16912 Coastal Hwy, Lewes, DE 19958

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: Quinn Emanuel Urquhart & Sullivan, LLP<br>500 Delaware Avenue, Suite 220<br>Wilmington, Delaware 19801 | Date and Time:<br>July 25, 2025 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: N/A | Date and Time: N/A |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   July 11, 2025

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Palladian Partners, L.P. et al._____, who issues or requests this subpoena, are:
Michael Barlow
Quinn Emanuel Urquhart & Sullivan, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
Tel. +1 (302) 302-4030
E: michaelbarlow@quinnemanuel.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

C.A. No. _____

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)**

**(c) Protecting a Person Subject to a Subpoena.**
  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the

information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO SUBPOENA

### Definitions

1. "Namecheap," "You," or "Your" means Namecheap, Inc., and all of its subsidiaries, affiliates, agents, employees, officers, directors, consultants, attorneys, or anyone acting or purporting to act on its behalf.

2. "Account Holder Information" means any and all information used to register, access, or maintain a Namecheap account or domain registration, including names, addresses, emails, phone numbers, payment methods, IP addresses, user-agents, timestamps, and linked services.

3. "WHOIS Records" means all historical and current domain registration information stored by Namecheap, including registrant name, organization, address, phone number, email address, and registrar metadata.

4. "Billing Records" means any documents or data reflecting financial transactions relating to domain purchases, renewals, or transfers, including payment method, billing contact information, and transaction dates and times.

5. "Domain Configuration Records" means documents or metadata showing how the subject domain was configured, including but not limited to DNS records (A, AAAA, MX, TXT, NS, CNAME), registrar lock status, forwarding or redirection settings, nameserver delegation, and domain privacy settings.

6. "Communications" means any transmittal of information, whether oral or written, including email, ticketing system interactions, chat transcripts, notifications, or letters exchanged between You and the account holder, domain owner, or third parties.

7. "Preservation or Legal Request Logs" means any logs or records reflecting subpoenas, preservation requests, legal holds, or communications from law enforcement or other government entities related to the relevant domain(s).

8. "VIP Domain" or "https://www.vivalalibertad.vip" refers to the .VIP top-level domain and any subdomain registered or managed through Namecheap that promoted or related to the $LIBRA token, or that displayed or redirected to content used in the token launch or marketing.

9. "Geolocation" means any data or metadata that identifies or approximates the physical location of a user, registrant, or IP address used to access Namecheap systems.

10. "Session Data" means any record of login sessions, including timestamps, IP addresses, browser fingerprinting information, authentication tokens, and any metadata describing account access behavior.

11. "IP Records" means logs or metadata reflecting IP addresses used to register or log into the account associated with the relevant domain, or used in connection with technical support, payment processing, or domain management.

12. "Records" means all documents and electronically stored information (ESI), whether written, typed, printed, recorded, photographic, digital, machine-readable, or otherwise, including emails, logs, database entries, files, screenshots, or metadata. A draft or non-identical copy is a separate record.

13. "Identify" means: a. For a Person: full name, address, telephone number, email, and role in relation to the domain. b. For a Document: date, author(s), recipient(s), Bates number or filename, and a brief description.

## Instructions

1. In responding to this Subpoena, You are required to produce all responsive documents that are in Your possession, custody, or control or in the possession, custody, or control of Your agents, employees, or other representatives. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2. A reference to an organization or other legal entity (whether formed as a corporation, trust, partnership, or otherwise) means that entity and each and all of its: (a) predecessors, successors, subsidiaries, divisions, partnerships, limited partners, related parties, joint ventures, or affiliates; (b) present and former officers, employees, agents, representatives, trustees, directors, or its board of directors (either generally or committees thereof); (c) its attorneys, accountants, agents, representatives, and advisors (including investment bankers and public relations or other media consultants); (d) any professional employed or retained by that entity; and (e) all other Persons acting or purporting to act on its behalf.

3. A reference to a natural person includes that person and each and all of his or her: (a) employees, agents, or representatives; (b) attorneys, accountants, agents, representatives, and advisors (including investment bankers and public relations or other media consultants); (c) any professional employed or retained by him or her; and (d) all other Persons acting or purporting to act on his or her behalf.

4. Whenever used herein: (a) the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; (b) the term "including" shall be deemed to mean "including, but not limited to," and shall not be construed to limit the scope of any definition or Interrogatory herein; (c) the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; (d) the disjunctive

7

("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and (e) each of the functional words "any," "each," "every," and "all" shall be deemed to include each of the others.

5. The requests shall be deemed to be continuing so as to require supplemental productions as You obtain additional documents between the time of the initial production hereunder and the time of trial in these actions.

6. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

7. You must produce responsive documents as they have been kept in the usual course of business or shall organize or label them to correspond to the enumerated requests of this Subpoena. If, after exercising due diligence to secure them, You cannot provide some or any of the requested documents, so state and provide all documents to the extent possible, specifying the reason for Your inability to produce the remainder of the documents, and stating whatever information or knowledge You have concerning each document not produced.

8. If any document is withheld under any claim of privilege, including without limitation, attorney-client privilege and attorney work product, You should provide the following information with respect to such document: (a) the date of the document; (b) the name of its author(s) or preparer(s); (c) the name of each person who was sent or furnished with the document or a copy thereof; (d) the title or description of the document sufficient to identify

it without revealing the information for which privilege is claimed; (e) the claim of privilege under which it is withheld; and (f) a description of the subject matter of the document in sufficient detail to support Your contention that the document is privileged.

9. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

10. If an objection is made to any request, state Your objection and the ground or grounds with particularity in Your written response. If an objection is made only to part of the request, identify that part in Your written response and state Your objection and the ground(s) therefore.

11. Terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

12. When producing documents and records in response to these requests, You should produce data as it exists and is correlated within Your systems. If Your systems do not maintain linkages between certain data points (e.g., between specific wallet addresses and user accounts, or between API calls and individual transactions), You are not required to create such linkages for purposes of this production, but should clearly indicate the limitations of available correlations in Your response.

13. For data categories that rely on or reference third-party services (such as Banking Records, Fiat Onramp/Offramp Activity, or certain KYC Records), You are only required to produce records that are actually maintained, stored, or accessible within Your own systems. You

are not required to obtain records directly from third-party service providers unless such records are already integrated into or stored within Your systems.

14. Your response should, where applicable, distinguish between data available for custodial wallet services (where You maintain access to private keys or seed phrases) versus non-custodial wallet services (where You provide interface or authentication services only). The scope and granularity of available data may differ significantly between these service types.

## REQUESTS

**REQUEST NO. 1:**

All Documents or Records sufficient to identify the account holder(s) associated with the domain https://www.vivalalibertad.vip, including but not limited to:

(a) Full name(s), physical address(es), email address(es), and telephone number(s);

(b) Namecheap account registration dates and domain registration date;

(c) IP address(es) and timestamps associated with account creation or domain registration;

(d) Payment method(s) used for domain registration or renewal, including last four digits and billing ZIP code;

(e) Any account recovery or administrative contact information;

(f) WHOIS or RDAP history, including masked or unmasked contact details.

**REQUEST NO. 2:**

All Billing Records related to the purchase, renewal, or transfer of the domain https://www.vivalalibertad.vip, including:

(a) Transaction receipts or confirmation emails;

(b) Payment processor records (e.g., PayPal ID, credit card metadata);

(c) Invoices, statements, or order history reflecting domain-related payments;

(d) Any customer support communications regarding billing issues or disputes.

**REQUEST NO. 3:**

All Domain Configuration Records associated with https://www.vivalalibertad.vip, including:

(a) DNS record history (A, AAAA, MX, CNAME, TXT, etc.);

11

    (b)    Nameserver delegation and changes;

    (c)    Domain forwarding, masking, or redirect settings;

    (d)    Privacy protection status and toggles;

    (e)    Lock status, auto-renew settings, and transfer history.

**REQUEST NO. 4:**

All Communications between Namecheap and the domain registrant(s) or account holder(s) for https://www.vivalalibertad.vip, including:

    (a)    Support tickets, emails, or chat transcripts;

    (b)    Abuse complaints, takedown requests, or DMCA notices;

    (c)    Account notices, suspension or deactivation messages;

    (d)    Internal notes, memos, or escalation records concerning this domain.

**REQUEST NO. 5:**

All Documents or Records reflecting any preservation request, subpoena, or law enforcement inquiry concerning https://www.vivalalibertad.vip, including:

    (a)    Communications with any Government entity;

    (b)    Legal hold notices or ticketing logs;

    (c)    Any action taken in response (e.g., preservation, suspension, transfer hold).

**REQUEST NO. 6:**

All IP Records and Geolocation Data associated with:

    (a)    Account registration or login events for the user who registered https://www.vivalalibertad.vip;

    (b)    Technical support, customer interaction, or billing events;

    (c)    Domain registration, renewal, or configuration events.

**REQUEST NO. 7:**

All Session Data reflecting access to the Namecheap user account associated with https://www.vivalalibertad.vip, including:

    (a)    Session start and end timestamps;

    (b)    IP addresses, user-agent strings, or device fingerprints;

    (c)    Login methods and authentication success/failure logs;

    (d)    Any security alerts, flags, or unusual login patterns.

**REQUEST NO. 8:**

All Documents sufficient to Identify any other domain names registered or managed under the same Namecheap user account or payment method associated with https://www.vivalalibertad.vip, including dates of registration and registrar metadata.

**REQUEST NO. 9:**

Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) from one or more designated corporate representatives of Namecheap who are most knowledgeable about the responsive documents and the issues related thereto.

**REQUEST NO. 10:**

Deposition of a representative of Namecheap selected by Petitioners based on their review of the responsive documents to the extent that Petitioners deem that the deposition of the Federal Rule of Civil Procedure 30(b)(6) designated corporate representatives of Namecheap does not resolve all of Petitioners' discovery queries.